[No. 972. Decided February 28, 1894.]

G. W. FISCHER *et al.*, *Respondents*, v. JAMES M. QUIGLEY *et al.*, *Defendants*, JAMES GILL AND TIMOTHY RYAN, *Appellants.*

APPEAL — WEIGHT OF EVIDENCE — ACTION ON CONTRACTOR'S BOND — PRIOR JUDGMENT AGAINST PRINCIPAL.

The findings and judgment of the lower court in an action at law tried by the court will not be disturbed on appeal, where the record discloses a sharp conflict in the evidence, unless there appears to be a decided preponderance of the evidence against the court's finding.

An action on the bond of a contractor, given under the provisions of Gen. Stat., § 2415, for the protection of those furnishing the contractor goods while engaged in making street improvements, is not barred by the procuring of a judgment against the contractor personally prior to the institution of suit upon his bond.

*Appeal from Superior Court, King County.*

*Thompson, Edsen & Humphries*, for appellants.
*Allen & Powell*, for respondents.

The opinion of the court was delivered by

ANDERS, J. — James M. Quigley and Patrick Quigley as principals, and the other defendants as sureties, executed a bond in accordance with § 2415, Gen. Stat., for the faithful performance of a contract to grade Stewart street, in the city of Seattle, previously entered into by said Quigleys with said city. The Quigleys, the contractors, after the grading of said street was completed, were sued by the plaintiffs Fischer & McDonald for merchandise sold and delivered to them, and a judgment was obtained against them for the amount claimed. To that action the appellants were not parties. In the present action the same plaintiffs sue upon the bond, alleging that they have been unable to collect their judgment against the Quigleys on execution, and aver that the claim upon which that judgment was rendered was for merchandise sold to the Quigleys as contractors upon Stewart street, and for the purpose of being used for the maintenance of the men employed by them in grading said street.

The cause was tried by the court without a jury, and the only question submitted for the determination of the court was whether the sale of the merchandise by the plaintiffs to the defendants Quigley was or was not with the understanding that the merchandise so sold was to be used upon the Stewart street grading contract. The court found as a fact that the merchandise was sold to be used upon the contract, as alleged by the plaintiffs, and accordingly rendered judgment against the defendants for the amount found due. The sureties have appealed from the judgment of the court, and the main question for our consideration presented in the record is whether the evidence is sufficient to sustain the finding and judgment.

The record discloses that there was a sharp conflict in the evidence, and this being an action at law, and the find-

ings of the court being equivalent to the verdict of a jury, this court would not be justified in disturbing the findings and judgment unless the record shows a decided preponderance of the evidence against the court's finding, which we think it does not. *Yesler v. Hochstettler*, 4 Wash. 351 (30 Pac. 398); *Graves v. Griffith Realty, etc., Co.*, 3 Wash. 742 (29 Pac. 344). As the court below saw and heard the witnesses, it was better prepared to judge of their credibility than this court. Its conclusions will, therefore, not be disturbed.

The contention of the appellants that the judgment against the Quigleys personally is a bar to this action is not tenable. The appellants cannot complain that the respondents exhausted their remedy against the principals in the bond before attempting to collect the amount due from the sureties. The suit against the Quigleys was not an action upon the bond, and, therefore, cannot affect the rights of the plaintiffs in this action. Brandt, Suretyship (2d ed.), § 391.

The question of the validity of, or the necessity for, the bond sued on was not raised in the court below nor in the brief of counsel, and will not, therefore, be considered here for the first time on the argument.

The judgment is affirmed.

DUNBAR, C. J., and SCOTT and STILES, JJ., concur.

HOYT, J., dissents.